

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

March 18, 1969

Honorable Joe Shannon, Jr.
Chairman, Committee on Counties
House of Representatives
State Capitol
Austin, Texas

Opinion No. M-359

Re: Constitutionality of
"automatic repealer"
provision in bill
creating a hospital
district

Dear Sir:

Your letter requesting the opinion of this office reads, in part, as follows:

"It has been suggested that an 'automatic repealer' be written into any bill creating a hospital district which would provide that in the event the hospital district was not created by the voters within a five year period, then the act providing for the creation thereof would automatically be repealed.

"The question was raised as to the Constitutionality of such a provision in light of the recently approved Constitutional Amendment providing for the method of abolishing hospital districts. I would sincerely appreciate your advising us as to the Constitutionality of such a clause."

The constitutional provisions authorizing the Legislature to provide by law for the creation of county-wide hospital districts are contained in Section 4 of Article IX and in Section 9 of Article IX of the Constitution of Texas; the pertinent portion of Section 4 of Article IX reads as follows:

"The Legislature may by law authorize the creation of county-wide Hospital Districts in counties having a population in excess of 190,000

-1771-

and in Galveston County, . . . provided, however,
that such district shall be approved at an election
held for that purpose. . . ."

Pursuant to such constitutional authority, the Legislature
amended Article 4494n, Vernon's Civil Statutes, to provide, in
part:

"Any county having a population of 190,000 or
more, and Galveston County, . . . may be consti-
tutued a Hospital District . . .; provided, however,
that such Hospital District shall not be created
unless and until an election is duly held in said
county for such purpose, . . . to be held not less
than thirty (30) days from the time said election
is ordered by the Commissioners Court."

Section 9 of Article IX of the Constitution of Texas was
adopted in 1962 and amended in 1966.  The pertinent portions
of this section as amended, follow:

"The Legislature may by law provide for the
creation, . . . of hospital districts composed of
one or more counties. . . .

"Provided, however, that no district shall be
created except by act of the Legislature and then
only after thirty (30) days' public notice to the
district affected, and in no event may the Legis-
lature provide for a district to be created without
the affirmative vote of a majority of the taxpaying
voters in the district concerned.

"The Legislature may also provide for the
dissolution of hospital districts provided that a
process is afforded by statute for:

"(1) determining the desire of a majority of
the qualified voters within the district to dissolve
it;

"(2) disposing of or transferring the assets, if
any, of the district; and

"(3) satisfying the debts. . . ."

You propose to write a bill which will authorize the
creation of a hospital district within the framework of the

constitution and statutes by a particular county, but containing a provision to the effect that if the voters of such county do not vote to create the district within a period of five (5) years after the passage of the Act, then the Act providing for the creation thereof will automatically be repealed.

In 82 C.J.S.2d 507, Statutes, 8 296, the applicable rule is stated as follows:

". . . A statute may provide for its own expiration so that on the lapse of the stated time or the happening of the specified condition, the statute expires and ceases to operate."

As is evident, our Constitution gives the Texas Legislature the right to authorize the creation of hospital districts in a certain way and the Legislature is limited by that authority.

A bill such as you propose would not be prohibited by Article IX, Section 9, of the Constitution of Texas, because that section would not be applicable. It applies only to hospital districts which (1) have been authorized by the Legislature, and (2) created and approved by the voters at an election held for such purpose. After the district is so created, then Section 9 of Article IX would apply, and the dissolution would then have to be accomplished by (1) vote of the majority of qualified voters within the district; (2) disposing of its assets; and (3) paying its debts.

However, in the fact situation presented by your opinion request, the district would never have been created in the first place, since a majority of the qualified voters of the District did not approve it at an election called within the five (5) years immediately subsequent to the passage of the bill. Since no district had actually been created within the time expressly allowed by the Act, there would be no district to dissolve and the Legislature could provide for an "automatic repeal" of the statute.

## SUMMARY

An Act authorizing the creation of hospital districts and providing for automatic repeal

Honorable Joe Shannon, Jr., Page 4 (M-359)

      thereof if the hospital district is not properly
      created within five (5) years after its passage
      would not be in violation of Article IX, Section
      4 or Article IX, Section 9 of the Constitution of
      Texas.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

FT:dc

Prepared by
Fisher A. Tyler
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Marvin Sentell
Charles Rose
Phil Warner
Malcom Quick

W. V. Geppert
Staff Legal Assistant